IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4043-01-CR-C-NKL |
| ) | |
| CHAD EDWIN MULLEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Chad Edwin Mullen has been charged with one count of receipt of child pornography over the Internet and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252 (a)(2) and (a)(4). By separate motions, defendant requests dismissal of the indictment on the basis that the statutes are unconstitutionally vague, overbroad and will deny him his right to a fair trial. The motions have been fully briefed.[1]

Defendant asserts the statute is vague for two distinct reasons. First, it requires a person to "know" something he lacks the capacity to know, and second, it lacks any scienter requirement.

Mullen claims the statute permits prosecution of a person who has passively received and possessed images he did not seek. Further, Mullen states that "[t]he statute is unconstitutional on its face and as applied . . . because he is unable to know whether the charged items contain actual minors." (Doc. 14 at 5.) More specifically, he argues he is unable to discern whether the images are of real persons or are virtual images, and that possession of virtual images are lawful.

In response, the Government notes "[d]efendant does not contend that he lacks notice of conduct the statute proscribes but rather that he cannot determine what material is illegal contraband." (Doc. 20 at 3.) The Government asserts the statute is clear in describing the prohibited conduct and gives adequate notice to the ordinary person of what conduct is criminal.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

It is the Government's position that any perceived difficulty on defendant's part does not render the statute unconstitutionally vague.

"A penal statute is unconstitutionally vague if it does not define the offense well enough to let ordinary people know what is prohibited. A lack of precision alone does not violate due process, but the Constitution requires that 'the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" United States v. Whiting, 165 F.3d 631, 634 (8th Cir. 1999) (quoting Roth v. United States, 354 U.S. 476, 491 (1957) (internal citations omitted)). More recently, the Eighth Circuit reaffirmed that "[a] criminal statute is vague if persons of a 'common intelligence must necessarily guess at its meaning and differ as to its application.' A statute gives fair warning if either on its face, or as construed, it made reasonably clear at the relevant time that the defendant's conduct was criminal." United States v. Carpenter, 422 F.3d 738, 746 (8th Cir. 2005)(quoting United States v. Smith, 171 F.3d 617, 622-23 (8th Cir. 1999) (internal citations omitted)).

Defendant acknowledges in his motion that receipt and possession of visual depictions of minors engaging in sexually explicit conduct are violations of section 2252. He does not challenge the statute for vagueness in ascertaining what type of conduct is criminal. Instead, he claims that when he sees or obtains images, he cannot tell whether they are of actual minors or are virtual images, and as such, cannot determine whether possession and receipt are legal or illegal. Thus, it is clear defendant had knowledge and notice of the proscribed conduct.

The cases cited by defendant from other circuits are not dispositive or convincing. The Eighth Circuit has repeatedly indicated the jury can, based upon the evidence, determine whether the images are of real children. It is not an issue which makes the statute unconstitutionally vague as applied to Mullen.

Challenges to convictions based upon the statute have been upheld by the Eighth Circuit, even when the issue of statutory vagueness has been raised. See United States v. Whiting, 165 F.3d 631 (8th Cir. 1999); United States v. Vig, 167 F.3d 443 (8th Cir. 1999). In later cases, the Eighth Circuit has noted that Ashcroft v. The Free Speech Coalition, 535 U.S. 234 (2002), did not declare section 2252 unconstitutional. See United States v. Chrobak, 289 F.3d 1043 (8th Cir. 2003); United States v. Wolk, 337 F.3d 998 (8th Cir. 2003); and United States v. Bach, 400 F.3d 622 (8th Cir. 2005) (due process and First Amendment challenges).

2

The statute provides an affirmative defense for those who have not sought out or who have innocently obtained the images, and the jury can determine the factual issue of whether Mullen knew he had images of actual children engaging in sexually explicit conduct. Thus, dismissal of the indictment on the basis of vagueness is not warranted.

Mullen also claims the indictment should be dismissed because the statute is unconstitutionally overbroad on its face and as applied to him. Defendant argues that the statute chills protected speech, because with the prevalence of computer-generated images and digital technology, prohibited images are indistinguishable from protected ones. He does not assert that the statute criminalizes constitutionally protected conduct.

The Government responds that the statute has been upheld for many years and the Free Speech Coalition opinion did not alter that result.

The parties do not dispute that the First Amendment serves to prevent broadly-worded statutes which criminalize unprotected conduct from deterring protected expression. See United States v. Knox, 32 F.3d 733, 752 (3rd Cir. 1994). Nevertheless, there are limits. The Court has addressed the overbreadth doctrine in the context of child pornography laws, and stated,

> [b]ecause of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment, we have recognized that the overbreadth doctrine is "strong medicine" and have employed it with hesitation, and then "only as a last resort." Broadrick, 413 U.S. at 613, 93 S. Ct. at 2916.[2] We have, in consequence, insisted that the overbreadth involved be "substantial" before the statute involved will be invalidated on its face.

New York v. Ferber, 458 U.S. 747, 769 (1982). The Court also instructed the federal courts to construe statutes to avoid constitutional problems, if possible. Id. at n.24. To be invalidated, the statute must be real and substantially overbroad in relation to its plainly legitimate sweep. Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973); Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 584-85 (2002).

As indicated above and in the Government's response, courts before and after Free Speech Coalition have consistently upheld convictions based upon section 2252 and they have declined to find the statute overbroad. Mullen has been charged with illegal conduct (receipt and

---

[2] Broadrick v. Oklahoma, 413 U.S. 601 (1973).

3

possession) and not just with illegal expression or speech, although expression and speech are encompassed within the charges. That distinction and the Government's strong interest in protecting children are considerations in the overbreadth analysis. Thus, this court does not find the statute, on its face or as applied to defendant, to be real and substantially overbroad in relation to its plainly legitimate sweep.

Defendant has come forward with no legal support which would require a different outcome in this case.

Mullen next requests dismissal of the indictment against him on the basis that 18 U.S.C. § 2252, et seq., is unconstitutional on its face and thus, prevents him from obtaining a fair trial. Defendant asserts he cannot prepare his defense because he cannot obtain copies of the images for review and testing by experts. He also claims it is impossible for the ordinary person to distinguish virtual images from real images and thus, he lacks the ability or capacity to know whether he is possessing or receiving contraband. Virtual images are not contraband under the sections of the statute for which he has been charged, 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4).

The Government responded in opposition to the motion, and a hearing was held on September 3, 2008.

At the hearing and in its written response, the Government advised the court that the evidence was sent to Kansas City, Missouri, for the convenience of defense counsel. It is available at the United States Attorney's office for review and testing, with a computer and separate room available for that purpose. At this point, defendant's counsel has not yet requested access to it.

Mullen claims he is being denied his right to a fair trial under the Sixth Amendment because he cannot make copies of the disk drive or the images[3] that are being held as evidence by the Government. He claims this makes it difficult for him to work with an expert and to prepare trial exhibits in support of his defense.

Title 18 U.S.C. § 3509(m) requires the materials to remain in the care, custody and control of either the court or the Government, and requires the court to deny requests to copy, photograph, duplicate or otherwise reproduce the child pornography as long as the Government

---

[3]The images are alleged to be of minors engaged in sexually explicit conduct.

4

makes the material reasonably available to the defendant.  The statute defines what is reasonably available as "ample opportunity for inspection, viewing, and examination at a Government facility . . . by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial."  18 U.S.C. § 3509(m)(2)(B).

In this case, defendant Mullen has identified potential obstacles to his preparing a defense, but has not yet requested access to the materials or otherwise encountered actual problems which would prevent his being afforded a fair trial.

The Eighth Circuit has noted, "[i]t has long been the rule that a federal court should not pass on constitutional issues when it is not necessary to do so.  We should avoid constitutional rulings if the issues may be resolved on other grounds."  Dougherty v. White, 689 F.2d 142, 144 (8th Cir.1982).  Accord, Blum v. Bacon, 457 U.S. 132, 137-38 (1982); United States v. Altman, 750 F.2d 684, 695 (8th Cir. 1984).

Here, the difficulties defendant raises are speculative or hypothetical and have not arisen in this case.  It is this court's opinion (1) that the Government's assertion that the materials are child pornography is sufficient to trigger the statute, 18 U.S.C. § 3509(m); and (2) that defendant has been offered reasonable access to the materials.  Accordingly, defendant's challenges are not actual issues ready for ruling and the court declines to reach the constitutional issue.

The court notes, nevertheless, that the constitutionality of section 3509 was addressed by the district court in United States v. Johnson, 456 F. Supp. 2d 1016 (N.D. Ia. 2006), and the reasoning set forth therein is persuasive.  In that case, the court held that the statute does not "unduly burden the rights of defendants to fair trials.  The statute imposes no restrictions upon what defendants may or may not introduce at trial."  It merely "restricts *who* may possess the child pornography and whether the child pornography can be copied."  The court found those restrictions to be reasonable.  Id. at 1019.

Further, whether defendant had the ability or capacity to know, at the time he obtained and possessed the images, that they were of actual children engaged in sexually explicit conduct is an issue to be resolved at trial based upon the evidence presented.  The jury instructions in this circuit require the Government to prove defendant knowingly received and/or possessed the items of child pornography and knew the depictions were of a minor or minors engaging in sexually explicit conduct.  See 8th Cir. Crim. Jury Instr. 6.18.2252A (2008).

For these reasons and those set forth above and at the hearing, it is

RECOMMENDED that defendant Mullen's motions of June 16, 2008, to dismiss the indictment, because of statutory vagueness, statutory overbreadth and a violation to his right to a fair trial, be denied. [12, 13, 14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 9th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge