IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-4043-01-CR-C-NKL |
| | ) | |
| CHAD EDWIN MULLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On October 9, 2008, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Chad Edwin Mullen's Motions to Dismiss [Docs. ## 12, 13, 14].  *See* Report and Recommendation [Doc. # 24].  Mullen, through his attorney, filed objections on October 20, 2006 [Doc. # 25].  Having conducted an independent review of the record and considered Mullen's objections, the Court concludes that Judge Knox's Report and Recommendation is correct and should be adopted.

Mullen is charged with one count of receipt of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4).  In three separate motions Mullen argues that the indictment must be dismissed because: (1) the statutes are unconstitutionally vague; (2) the statutes are unconstitutionally overbroad; and(3) he will be denied his right to a fair trial.

In his motion to dismiss and in his objections, Mullen argues that the statutes are

1

vague because they require a person to "know" something people lack the capacity to know, and because they lack any scienter requirement. "A criminal statute is vague if persons of a 'common intelligence must necessarily guess at its meaning and differ as to its application.' A statute gives fair warning if either on its face, or as construed, it made reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Carpenter*, 422 F.3d 738, 746 (8th Cir. 2005) (quoting *United States v. Smith*, 171 F.3d 617, 622–23 (8th Cir. 1999) (internal citations omitted)). It is clear from Mullen's motion that he is aware that the receipt and possession of visual depictions of minors engaging in sexually explicit conduct is in violation of § 2252. Whether or not it is possible for Mullen to tell virtual depictions from real ones, Mullen is aware that receiving or possessing depictions of real children engaged in sexually explicit conduct is a crime.

The Eighth Circuit has upheld convictions under § 2252 where the issue of statutory vagueness was raised. *See United States v. Whiting*, 165 F.3d 631 (8th Cir. 1999); *United States v. Vig*, 167 F.3d 443 (8th Cir. 1999). It has also noted that § 2252 was not rendered unconstitutional by *Ashcroft v. The Free Speech Coalition*, 535 U.S. 234 (2002). *See United States v. Chrobak*, 289 F.3d 1043 (8th Cir. 2003); *United States v. Wolk*, 337 F.3d 998 (8th Cir. 2003); *United States v. Bach*, 400 F.3d 622 (8th Cir. 2008).

Mullen had knowledge and notice of the conduct proscribed by the statute – it was not vague as applied to him. Furthermore, it is for the jury to determine, based upon the evidence at trial, whether the images at issue in this case were of real children, and whether Mullen knew that the images depicted real children. This is not a constitutional vagueness

2

issue.

Next, Mullen challenges § 2252 as being unconstitutionally overbroad, both facially and as applied to him. He argues that the statute chills protected speech because it is impossible for a person to know simply by looking whether he has received or is in possession of virtual and protected or actual and criminal depictions of a child engaged in sexually explicit conduct. The overbreadth doctrine prevents broadly worded statutes from criminalizing unprotected speech from chilling related protected speech. *See U.S. v. Knox*, 32 F.3d 733, 752 (3rd Cir. 1994). The Supreme Court has held that striking a statute as facially overbroad should be a court's "last resort," where the amount of chilled protected speech is "substantial" in relation to the punishable speech or conduct. *Broadrick v. Oklahoma*, 413 U.S. 601 (1973). Because Mullen does not assert that § 2252 criminalizes *any* constitutionally protected conduct, his facial overbreadth challenge must fail. Moreover, courts before and after *Free Speech Coalition* have upheld convictions under § 2252, and have declined to find the statute overbroad. As to Mullen's as-applied overbreadth challenge, Mullen is charged with receiving and possessing actual, not virtual depictions of children engaged in sexually explicit conduct. Such conduct is constitutionally proscribable. Therefore, Mullen's as-applied challenge must fail.

Third, Mullen argues that § 2252 is unconstitutional on its face because it prevents him from receiving a fair trial. He argues that while the Government's experts and attorneys are immune from prosecution for viewing, possessing, and using the materials which are the subject of this prosecution, his own experts and attorneys will not be able to view, possess,

3

or use those materials without fear of prosecution. 18 U.S.C. § 3509(m) requires these materials to remain in the custody of either the court or the Government, and requires the court to deny requests to copy, photograph, duplicate or reproduce the material so long as the Government makes it reasonably available to the Defendant. The statute requires the Government provide an "ample opportunity for inspection, viewing, and examination at a Government facility . . . by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

As the Magistrate pointed out, Mullen has not yet even requested access to these materials. Thus, any difficulties that would prevent a fair trial in this case are at this point only speculative or hypothetical, and a ruling on the constitutionality of the statute on these grounds would be premature at this time. *See* Report and Recommendation at 5 [Doc. # 24] (citing *Dougherty v. White*, 689 F.2d 142, 144 (8th cir. 1982); *Blum v. Bacon*, 457 U.S. 132, 137–38 (1982); *United States v. Altman*, 750 F.2d 684, 695 (8th Cir. 1984)). Furthermore, Mullen's experts should be able to assist him with each of the three tasks he says he needs them to perform. Section 3509 "imposes no restrictions upon what defendants may or may not introduce at trial," but rather "restricts *who* may possess the child pornography and whether [it] can be copied[;]" and § 2252 contains an affirmative defense for those who have innocently obtained otherwise contraband images.

Mullen also argues that he will be unable to obtain a fair trial because it is impossible to distinguish virtual images from real ones, such that he cannot possibly have the ability or

4

capacity to know whether what his receipt and possession of the material at issue in this case was criminal. As stated above, these are issues for the jury to decide based upon the evidence presented at trial. Defendant is not prohibited from arguing that it was impossible for any person, including Mullen or the jurors, to know whether these images were virtual or real, and the jury must determine that Mullen knowingly received and possessed the items of child pornography, knowing that the depictions were of real minors engaging in sexually explicit conduct, in order to convict him. *See* 8th Cir. Crim. Jury Instr. 6.18.2252A (2008).

Based upon the evidence presented, the Court finds no basis for granting Mullen's Motions to Dismiss [Docs. ## 12, 13, 14].

Accordingly, it is hereby

ORDERED that Judge Knox's Report and Recommendation of October 9, 2008 [Doc. # 24], is adopted.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: November 25, 2008
Jefferson City, Missouri